|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | Suzanne G. Smith, | Case No.: 2:16-cv-01284-JAD-GWF |
| 4 | Plaintiff | **Order and Judgment Affirming Denial of Social Security Benefits** |
| 5 | v. | [ECF Nos. 18, 21, 23, 24] |
| 6 | Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| 7 | | |
| 8 | Defendant | |

Plaintiff Suzanne G. Smith applied for disability insurance based on her various physical and mental impairments.[1] The Commissioner of the Social Security Administration denied her application,[2] and an Administrative Law Judge (ALJ) upheld the agency's decision.[3] Smith now moves for reversal or remand of the ALJ's decision, and the Commissioner cross moves for its affirmance.

I referred this case to U.S. Magistrate Judge George Foley, Jr. for findings and recommendations on the parties' motions. After thoroughly evaluating the parties' arguments, Judge Foley recommends that I deny Smith's motion and grant the Commissioner's cross-motion to affirm.[4] Smith objects.[5] Having reviewed the record de novo, I agree with Judge Foley that the ALJ's decision was supported by substantial evidence and not based on legal error. I thus

---

[1] Certified Administrative Record (CAR) 216.
[2] CAR 67–74.
[3] CAR 14–26.
[4] ECF No. 23.
[5] ECF No. 24.

overrule Smith's objections, adopt Judge Foley's recommendation, deny Smith's motion, and grant the Commissioner's cross-motion to affirm.

## Discussion

**A.     Standard of review: substantial evidence or legal error**

The district court has the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[6] The court may set the ALJ's determination aside only if his finding is not supported by substantial evidence or is based on legal error.[7] "Substantial evidence means more than a scintilla but less than a preponderance"[8]; it is evidence that "a reasonable person might accept as adequate to support a conclusion."[9] If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, the court must affirm.[10] Its role is not to second-guess: "Generally, questions of credibility and resolution of conflicts in testimony are functions solely for the agency."[11]

Smith is entitled to disability benefits under the Social Security Act (SSA) if she can show that she cannot engage in "substantial gainful employment" due to "a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a

---

[6] 42 U.S.C. § 405(g).

[7] *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997).

[8] *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quotation marks and quoted references omitted).

[9] *Flaten v. Sect'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

[10] *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

[11] *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (quotation marks and quoted reference omitted).

continuous period of not less than twelve months."[12]  If Smith demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that Smith can perform a significant number of other jobs that exist in the national economy.[13]

**B.      The ALJ properly developed the record.**

Smith offers only one objection to Judge Foley's findings: the ALJ failed to adequately develop the record and was, thus, unable to determine Smith's residual functional capacity (RFC) to perform work.[14]  Smith states that "the record lack[s] an assessment of [her] mental functioning from a qualified medical expert, and the ALJ improperly interpreted the clinical data on his own to conclude the degree to which [she] is limited."[15]  Smith points to Dr. Roldan's May 23, 2013, opinion that there was "insufficient evidence" to assess the degree of hermental impairment[16] as evidence that the record was not adequately developed.  She argues that subsequent treatment notes added to the record after Dr. Roldan's assessment did not add anything meaningful to the record upon which Dr. Roldan based his findings.[17]  Smith also complains that the ALJ failed to explain "how the treatment evidence alone was sufficient to merit the specific limitations [that] he chose to include in the RFC."[18]

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly to ensure that the claimant's interests are considered, even when the claimant is

---

[12] *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).
[13] *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007).
[14] ECF No. 24 at 1.
[15] *Id.* at 2.
[16] *Id.* at 3.
[17] *Id.* at 2–3.
[18] *Id.* at 3.

3

represented by counsel."[19] However, because the plaintiff bears the burden of proving disability, the ALJ's duty to develop the record is triggered only when there is "ambiguous evidence" or the ALJ finds "that the record is inadequate to allow for proper evaluation of the evidence . . . ."[20] "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine" RFC.[21]

The ALJ did not find that the evidence before him was ambiguous, so his duty to develop the record was not triggered.[22] Despite Smith's contention to the contrary, significant evidence was added to the record after Dr. Roldan's May 23, 2013, assessment, including Smith's own admissions of her ability to engage in daily activities and participate in church clubs.[23] Because substantial evidence of Smith's ability to engage in daily activities was added to the record after Dr. Roldan's assessment, the ALJ reasonably gave no weight to Dr. Roldan's assessment.[24]

The ALJ concluded that Smith had the RFC to perform work at the sedentary level and was not disabled between the alleged onset date of November 2, 2011, and March 31, 2013.[25] The ALJ applied the five-step process set out in 20 C.F.R. § 404.1520(a)-(f) for determining disability.[26] In performing this comprehensive analysis, the ALJ evaluated Smith's medical

---

[19] *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).
[20] *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).
[21] *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545).
[22] ECF No. 23 at 15.
[23] *Id.*
[24] CAR 23.
[25] Smith would need to prove an onset of disability before March 31, 2013, to receive disability benefits under the SSA because her coverage expired after this date. CAR 14.
[26] CAR 16–25.

4

records, including reports from Dr. Karelitz and Dr. Mumford, and found that Smith had several severe physical and mental impairments including schizophrenia and bipolar disorder, but that there was little indication that these impairments significantly impacted her ability to perform basic work activities.[27] The ALJ based his mental-health findings on Smith's documented complaints, her responsiveness to treatment, and her own reports of her daily living activities, including going to church multiple times per week, participation in church clubs, engaging in household chores and activities, and interacting with family and friends.[28] The ALJ also considered testimony of a vocational expert, who evaluated Smith's records and stated that Smith would be able to perform sedentary, unskilled work that existed in significant numbers in the national economy.[29] The ALJ chose to give little weight to the assessment by Smith's primary care doctor, Dr. Rucker, who indicated that Smith's mental health issues rendered her "totally disabled," because Dr. Rucker was not a mental-health provider.[30]

I find that the ALJ's determination was supported by substantial evidence. The record contains significant evidence about Smith's mental health issues and daily activities, including reports by qualified medical professionals.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Suzanne G. Smith's Motion for Reversal and Remand [ECF 18] is **DENIED** and that her Objection to Magistrate Judge Foley's Report and Recommendation **[ECF 24] is OVERRULED**.

---

[27] CAR 17–18.
[28] CAR 23–24.
[29] CAR 25.
[30] CAR 23.

IT IS FURTHER ORDERED that Magistrate Judge Foley's Report and Recommendation **[ECF 23] is ADOPTED** and the Commissioner's Cross-Motion to Affirm **[ECF 21] is GRANTED.**

The Clerk of Court is directed to ENTER JUDGMENT in favor of the Commissioner and CLOSE THIS CASE.

Dated: September 12, 2018

_____
U.S. District Judge Jennifer A. Dorsey